USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#_____
DATE FILED: 12 MAY 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MADELINE SENCION,

      Plaintiff,

  -against-

NEW YORK CITY DEPT OF CORRECTIONS;
RICKER ISLAND (R.M.S.C.);
CAPTAIN SMALLS;
DOCTOR CALDERON;
RICKER ISLAND (R.M.S.C.) (CLINIC),

      Defendants.
------------------------------------------------------------X

**ORDER**

**OF DISMISSAL**

08 Civ. 5730 (KMW)

  By Order dated June 26, 2008, plaintiff was directed to amend her complaint to cure the deficiencies with respect to her medical care claim and her claim regarding a leaky pipe that caused an area to be unsafe. See Sencion v. New York City Dep't of Corr., et al., No. 08 Civ. 5730 (KMW) (S.D.N.Y. June 26, 2008). The Order further directed plaintiff to name the individuals involved as defendants and to state how they were involved in the alleged constitutional violations. Id.

  On August 19, 2008, the Court received plaintiff's amended complaint. The Court finds that plaintiff's amended complaint is still facially insufficient. Inasmuch as plaintiff seeks redress for defendants' negligence which she alleges caused her to slip and fall, this claim must be dismissed. A negligent act of an official causing injury to life, liberty or property does not violate the United States Constitution. Absent sufficient factual allegations that the intentional or reckless conduct of a state official caused the plaintiff's injury, a complaint is not cognizable under § 1983. Daniels v. Williams, 474 U.S. 327, 328-31 (1986); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986); Boddie v. New York State Dep't of Corr. Servs., No. 96 Civ. 3291 (HB), 1997 WL 482036, *3 (S.D.N.Y. Aug. 20, 1997). Plaintiff does not allege that the condition of the area was intentionally or recklessly caused by defendants. Because plaintiff fails to allege that defendants acted with the

requisite intent, her claim must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent that plaintiff seeks to assert a claim regarding inadequate medical care, this claim must also be dismissed.[1] In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that "deliberate indifference to serious medical needs constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Id. at 104. "Deliberate indifference" must be evidenced by proof that a defendant intentionally denied, delayed access to or interfered with prescribed treatment. Id. at 104-06; Hathaway v. Coughlin, 37 F.2d 63, 66-68 (2d Cir. 1994); Gill v. Mooney, 824 F.2d 192, 195-96 (2d Cir. 1987); Collins v. Ward, 652 F. Supp. 500, 510 (S.D.N.Y. 1987); Williams v. Coughlin, 650 F. Supp. 955, 957 (S.D.N.Y. 1987).

Although allegations of tortious conduct by corrections officials may present a cognizable claim in state court, such a claim "does not automatically rise to the level of a constitutional deprivation simply because a defendant is the state or an agent of the state." Bryant v. Maffucci, 923 F.2d 979, 983 (2d Cir. 1991) (citations omitted). At a minimum, there must be "at least some allegation of a conscious or callous indifference to a prisoner's rights." Zaire, 698 F. Supp. at 59 (citations omitted); see also Gill v. Mooney, 824 F.2d 192, 195-96 (2d Cir. 1987). Because plaintiff fails to allege these requisite facts, no cognizable claim under § 1983 is presented.

Furthermore, a challenge to a decision based on medical judgment does not implicate the Eighth Amendment's prohibition against cruel and unusual punishment but constitutes, at most, a medical malpractice claim which may be cognizable in a state court but not in a federal § 1983 action. Estelle, 429 U.S. at 106-07. There is no right to the treatment of one's choice, Harding v. Kuhlmann, 588 F. Supp. 1315, 1317 n.8 (S.D.N.Y. 1984), aff'd mem., 762 F.2d 990 (2d Cir. 1985), and mere negligence in the treatment of a prisoner's physical condition, or claims based on

---

[1] Although the deliberate indifference standard was originally developed in the Eighth Amendment context for claims brought by convicted prisoners, it applies to claims brought by pretrial detainees under the Fourteenth Amendment. See Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996).

differences of opinion over matters of medical judgment, fail to rise to the level of a § 1983 violation, Bryant, 923 F.2d at 983.

Here, plaintiff fails to allege sufficient facts demonstrating deliberate indifference to her medical needs. Plaintiff also fails to allege sufficient facts demonstrating a delay or denial of care to a serious medical need and any consequences she has suffered due to the lack of proper medical care. Therefore, the instant claim must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is **DISMISSED** because it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

                                              _____
                                                          LORETTA A. PRESKA
                                                               Chief Judge

Dated: 12 MAY 2010
            New York, New York

3